United States District Court

Eastern District of California

Jeffrey M. Brousseau,

        Plaintiff,                   No. Civ. S 05-1474 RRB PAN P

   vs.                               Order

Ed McNair, et al.,

        Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He seeks leave to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a).  An initial partial filing fee of $18 is assessed pursuant to section

1  1915(b)(1).  Plaintiff must make monthly payments of 20 percent
2  of the preceding month's income credited to his trust fund
3  account.  28 U.S.C. § 1915(b)(2).  The agency having custody of
4  plaintiff shall forward payments from plaintiff's account to the
5  clerk of the court each time the amount in the account exceeds
6  $10 until the filing fee is paid.
7      I have reviewed plaintiff's complaint pursuant to 28 U.S.C.
8  § 1915A and find it does not state a cognizable claim against any
9  defendant.  The complaint is dismissed with leave to amend.
10     Any amended complaint must show the federal court has
11 jurisdiction and that plaintiff's action is brought in the right
12 place, that plaintiff is entitled to relief if plaintiff's
13 allegations are true, and must contain a request for particular
14 relief.  Plaintiff must identify as a defendant only persons who
15 personally participated in a substantial way in depriving
16 plaintiff of a federal constitutional right.  Johnson v. Duffy,
17 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to
18 the deprivation of a constitutional right if he does an act,
19 participates in another's act or omits to perform an act he is
20 legally required to do that causes the alleged deprivation).  If
21 plaintiff contends he was the victim of a conspiracy, he must
22 identify the participants and allege their agreement to deprive
23 him of a specific federal constitutional right.
24     In an amended complaint, the allegations must be set forth
25 in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may
26 join multiple claims if they are all against a single defendant.

1 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim
2 based upon separate transactions or occurrences, the claims must
3 be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

4    The federal rules contemplate brevity.  See <u>Galbraith v.
5 County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002)
6 (noting that "nearly all of the circuits have now disapproved any
7 heightened pleading standard in cases other than those governed
8 by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth
9 rare exceptions to simplified pleading).

10   Plaintiff's claims must be set forth in short and plain
11 terms, simply, concisely and directly.  See <u>Swierkiewicz v.
12 Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
13 point of a simplified pleading system, which was adopted to focus
14 litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15   Plaintiff must eliminate from plaintiff's pleading all
16 preambles, introductions, argument, speeches, explanations,
17 stories, griping, vouching, evidence, attempts to negate possible
18 defenses, summaries, and the like.  <u>McHenry v. Renne</u>, 84 F.3d
19 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
20 violation of Rule 8 after warning); <u>see</u> <u>Crawford-El v. Britton</u>,
21 523 U.S. 574, 597 (1998) (reiterating that "firm application of
22 the Federal Rules of Civil Procedure is fully warranted" in
23 prisoner cases).

24   A district court must construe pro se pleading "liberally"
25 to determine if it states a claim and, prior to dismissal, tell a
26 plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them.  <u>Noll v. Carlson</u>, 809 F.2d 1446 (9th Cir. 1986).

It is sufficient, for example, to state a claim for violation of the federal constitutional guarantee of due process of law, to allege that an identified state actor denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, specifying the omission, or deliberately abused his power without any reasonable justification that he acted in aid of any government interest or objective and only to oppress in a way that shocks the conscience.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  <u>McHenry</u>, <u>supra</u>. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary

4

support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250 for this action.  Plaintiff is assessed an initial partial filing fee of $18.  The fee shall be collected in accordance with the notice to the Director of the California Department of Corrections filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 45 days.  Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a

1 claim.  If plaintiff files an amended complaint stating a
2 cognizable claim the court will proceed with service of process
3 by the United States Marshal.
4     So ordered.
5     Dated:  November 29, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge