United States District Court

Eastern District of California

Jeffrey M. Brousseau,

      Plaintiff,

vs.

Ed McNair, et al.,

      Defendants.

No. Civ. S 05-1474 RRB PAN P

Findings and Recommendations

-oOo-

November 30, 2005, the court dismissed plaintiff's complaint for failure to state a claim and explained to plaintiff the requirements of an amended complaint. Plaintiff has filed an amended complaint.

I have reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and find it fails to state a claim for relief.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States

while acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988).

It is sufficient, for example, to state a claim for violation of the federal constitutional guarantee of due process of law, to allege that an identified state actor denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, specifying the omission, or deliberately abused his power without any reasonable justification that he acted in aid of any government interest or objective and only to oppress in a way that shocks the conscience. Wolff v. McDonnell, 418 U.S. 539, 563-566 (1974); Rochin v. California, 342 U.S. 165 (1952).

Plaintiff alleges that he was found to have violated conditions of parole and, as a result, he was forced to relocate, that his parole officer refuses to change the conditions of his parole and that defendants harassed plaintiff's relatives to locate plaintiff and arrest him.

These allegations fail to state a claim for relief.[1]

For these reasons, I hereby recommend this action be dismissed for plaintiff's failure to state a claim. See Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended

---

[1] I note plaintiff is now in prison and since he seeks injunctive relief only his claims likely are moot. See Powell v. McCormack, 395 U.S. 486, 496 (1969)(a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome); Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001).

1 complaint unless the court can rule out any possibility that the
2 plaintiff could state a claim).

3 Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
4 findings and recommendations are submitted to the United States
5 District Judge assigned to this case. Within 20 days after being
6 served with these findings and recommendations, plaintiff may
7 file written objections. The document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."
9 The district judge may accept, reject, or modify these findings
10 and recommendations in whole or in part.

11 Dated: January 24, 2006.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge